UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GEORGE W. FULCO | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-1185-SDJ |
| | § | |
| STATE OF TEXAS, ET AL. | § | |

**MEMORANDUM ADOPTING AND MODIFYING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 4, 2026, the Report of the Magistrate Judge, (Dkt. #7), was entered containing proposed findings of fact and the recommendation that Plaintiff's case be dismissed without prejudice for failure to prosecute the case and comply with the Court's order. (Dkt. #7 at 2).

Having received the Report of the United States Magistrate Judge, and no timely objections having been filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. However, the Court modifies and expands the Report's findings and conclusions due to Plaintiff's failure to provide the Court with his address. Except as otherwise noted below, the Magistrate Judge's findings and conclusions are adopted as the findings and conclusions of the Court.

**I.**

Plaintiff George Fulco is a *pro se* litigant who brought this lawsuit under 42 U.S.C. §1983. (Dkt. #1); (Dkt. #7 at 1). Because Fulco did not pay his filing fee, the Magistrate Judge ordered him to either pay the fee or submit an application to

proceed *in forma pauperis*. (Dkt. #6). Fulco did neither, resulting in the Magistrate Judge's Report recommending that the case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b). (Dkt. #7). The Court has adopted the Magistrate Judge's findings and conclusions that these failures by Fulco support dismissal under Rule 41(b).

The Report was mailed to Fulco's address on file, 1900 U.S. Hwy 175E, Kaufman, TX 75142, on September 4, 2026. (Dkt. #1-1) (Plaintiff's envelope from his original complaint). On September 8, 2026, the Court received a letter (the "Letter") from Fulco—sent prior to the issuance of the Report—which lists his address as 200 S. Crockett St., Sherman, TX 75090. (Dkt. #8). Following receipt of the Letter, the Court updated Fulco's address to the Sherman location. On September 21, 2026, the Court sent the Report to the new Sherman address, but a clerical error in the address line rendered the mail undeliverable. (Dkt. #9).

On October 9, 2026, the court mailed the Report again, this time to the correct Sherman address. (Dkt. #10 at 1). However, on October 28, 2026, the court received a Return to Sender Notice from the Grayson County Jail noting that the mail could not be delivered because "inmate not in custody; released on 9/10/26." (Dkt. #10 at 2).

Fulco has not provided the Court with his current address or information necessary to contact him. The Court's last communication from Fulco was the Letter which was written on August 27, 2026, and mailed on August 31, 2026. (Dkt. #8, #8-2). Fulco's failure to keep the Court advised of his address provides an additional reason to dismiss his case.

## II.

Rule 41(b) authorizes a district court to dismiss a case "if the plaintiff fails to prosecute or to comply with the rules or a court order." "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). "The orderly and expeditious disposition of cases requires that if a litigant's address changes, he has a duty to inform the court of the change." *Jones v. Texas Dep't of Crim. Just.*, No. 9:21-CV-231, 2021 WL 6206947, at *1 (E.D. Tex. Oct. 20, 2021), *report and recommendation adopted,* No. 9:21-CV-231, 2022 WL 23349 (E.D. Tex. Jan. 3, 2022). Indeed, "it is neither feasible nor legally required that the clerk of the district courts undertake independently to maintain current addresses on all parties to pending actions." *Id.* (quoting *Shannon v. Louisiana*, No. CIV.A. 87-3951, 1988 WL 54768, at *1 (E.D. La. May 23, 1988)).

This Court has already expended resources in its attempt to mail Fulco the Report. Further, the Report itself notes Fulco failed to comply with the court's order to "pay the requisite filing fee or submit a completed application to proceed *in forma pauperis*." (Dkt. #7 at 1). "It is clear that a federal district court has inherent power to dismiss a plaintiff's action with prejudice because of failure to prosecute." *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Because Fulco has failed to comply with the Court's order, *see* (Dkt. #7), or to update his current address, and the Court otherwise has no means of communicating with him, Fulco has failed to prosecute his case. Dismissal is therefore warranted under Rule 41(b). *See* FED. R. CIV. P. 41(b).

* * *

It is **ORDERED** that Plaintiff George W. Fulco's claims are **DISMISSED without prejudice** for failure to prosecute.

A final judgment will follow.

**So ORDERED and SIGNED this 9th day of November, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE